GAUDIN, Judge.
This is an appeal by Mr. and Mrs. Ronald (Linda Lee) Kremin following a judgment of the 29th Judicial District Court which granted a motion for summary judgment filed by Ernest L. (Whitey) Holmes. We affirm.
Mrs. Kremin was thrown from a horse on November 18, 1986, the accident occurring at the Circle W Ranch. Named defendants were Ronald O’Keefe, Allen Weber Sr. and Holmes.
O’Keefe and Weber were sued for various acts of negligence while Holmes was a named defendant because he allegedly was Weber’s employer and therefore vicariously liable for Weber’s conduct.
In granting Holmes’ motion for summary judgment, the trial judge found that Holmes and Weber had no employer-employee relationship. The record clearly shows that while Holmes owned the land, Weber was allowed to keep his horse on the property in return for feeding Holmes’ horses and placing them in their stalls when Holmes could not do so himself.
In Poynor v. Cure, 443 So.2d 1151 (La. App. 5 Cir.1983),[1] this Court addressed the relationship between persons in deciding an employer-employee issue. The employer must have the right to control activities of the employee. In the instant case, Holmes had no control whatsoever over Weber. There was no salary and Weber had no duties other than feeding Holmes’ horses and sometimes placing them in stalls. The horse that caused Mrs. Kremin’s injuries did not belong to Holmes.
O’Keefe filed a reconventional demand which the Kremins answered. In paragraph 2 of the answer, it is alleged that “... the injury sustained by Linda Lee Kremin resulted not only from the fall from the horse but also from the defective premises upon which the horse was ridden.” However, Holmes was not sued because his land was defective; furthermore, there is nothing in the record alleging how and/or why the property was defective. Paragraph 2 of the answer to reconventional demand merely states a legal conclusion, not any fact on which a cause of action could be based.
The trial judge did not err in finding that Weber was not Holmes’ employee. Summary judgment dismissing Holmes was appropriate, considering the pleadings and everything else in the record. There is no genuine issue of material fact regarding Weber’s status and there are no other allegations pertinent to Holmes sufficient to keep this defendant before the court.
Appellants are to bear costs of this appeal.
AFFIRMED

. Writs denied at 446 So.2d 1225 (La.1984).